# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

GREATER NEW YORK MUTUAL :
INSURANCE COMPANY, as subrogee of :
Council of the Devon and Devon :
Associates, Inc. d/b/a The Devon :
Condominium :
: Civ. No. 10-01107-LPS
       Plaintiff, :
:
   v. :
:
TRAVELERS INSURANCE COMPANY :
:
       Defendant. :
:

Andres Gutierrez de Cos, Esquire, of ANDRES DE COS LLC, Wilmington, Delaware.
Of counsel: Albert M. Saltz, Esquire, Matthew D. Matkov, Esquire, of SALTZ MATKOV P.C., Berwyn, Pennsylvania.

    Attorneys for Plaintiff.

Louis J. Rizzo, Jr., Esquire, of REGER RIZZO KAVULICH & DARNALL, LLP, Wilmington, Delaware.

    Attorney for Defendant.

## MEMORANDUM OPINION

September 28, 2011
Wilmington, Delaware

[signature: Leo P. Stark]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Presently before the court is a Motion to Dismiss Plaintiff's complaint (D.I. 3) filed by Defendant Travelers Insurance Company ("Travelers" or "Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will deny the motion.

## II. BACKGROUND[1]

### A. Factual Background

Plaintiff Greater New York Mutual Insurance Company ("GNY" or "Plaintiff") is a New York corporation that was the insurer of The Devon Condominium ("Devon") at all relevant times. (D.I. 4, exh. A ("Complaint" and hereinafter "Compl.") ¶¶ 1, 8) On April 13, 2006, a fire originated in Unit No. 1105 at the Devon, owned by decedent Audrey Brooks. (Compl. ¶¶ 4-5) The fire is attributed to careless smoking of Ms. Brooks. (Compl. ¶ 5) As the fire could not be contained, it destroyed Unit No. 1105 and caused significant property damage throughout the Devon. (Compl. ¶¶ 6-7) Pursuant to the insurance policy, GNY made payments to the Devon for the damage and destruction caused by the fire in an amount in excess of one million dollars. (Compl. ¶ 8)

Pursuant to the Devon's Code of Regulations, Ms. Brooks was required to maintain personal liability insurance, and she purchased such a policy from Defendant. (Compl. ¶ 9) Plaintiff alleges that the Travelers policy provided coverage in the amount of $300,000 per occurrence for fires such as the one at issue. (Compl. ¶ 10) Travelers contended that it paid out

---

[1] On a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

1

approximately $290,000 to other claimants and that only $10,000 was left on the policy. (Compl. ¶ 11) GNY contends that Travelers did not fully investigate the total losses from the fire and improperly distributed the available funds without an attempt for pro-rata distribution based on damages caused by the fire. (Compl. ¶¶ 13-14) Moreover, GNY alleges that Travelers improperly compensated itself for the policy proceeds it paid out to other insureds residing at the Devon. (Compl. ¶ 13)

### B. Procedural History

GNY, as a subrogee of the Devon, commenced this action against Travelers in the Superior Court of Delaware on November 11, 2010. (D.I. 1 at 1) Defendant removed the case to this Court on December 16, 2010. (D.I. 1 at 2) In the Complaint, GNY asserts a claim for breach of contract and for breach of good faith and fair dealing; GNY seeks declaratory and monetary relief based upon the policy Travelers sold to Ms. Brooks. (Compl. ¶¶ 15-26)

On January 26, 2011, Travelers filed the instant Motion to Dismiss for failure to state a claim, asserting that GNY has no right to recover from Travelers under Ms. Brooks' policy. (D.I. 3, 5) GNY responded, alleging that it is entitled to relief as an intended third party beneficiary of Ms. Brooks' policy. (D.I. 4)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).

Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*,

82 F.3d 63, 69 (3d Cir. 1996).

## IV. DISCUSSION

Travelers contends that GNY's complaint is deficient because Plaintiff lacks standing to enforce Ms. Brooks' insurance policy. (D.I. 3 at 2-6) Specifically, Travelers argues that GNY failed to sufficiently plead its claims as a named insured or a third party beneficiary under Ms. Brooks' policy. (*Id.*) Travelers further asserts that GNY failed to allege that it is either an assignee or a judgment creditor of Ms. Brooks. (*Id.*)

"In order to enjoy a benefit under an insurance policy, it must be shown that the person claiming coverage, is in fact, an insured." *O/E Sys., Inc. v. InaCom Corp.*, 179 F. Supp. 2d 363, 367 (D. Del. 2002). However, "[i]t is settled law in Delaware that a third-party may recover on a contract made for his benefit." *Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 534 (Del. 1990). Thus, a party, not named in an insurance policy may still be entitled to recover under it as a third party beneficiary. *See O/E Sys.*, 179 F. Supp. 2d at 367. If the injured party is neither a named insured nor a third party beneficiary, it cannot recover from the liability insurer unless there has been an assignment of rights or the injured party is a judgment creditor of the insured. *See Willis v. City of Rehoboth Beach*, 2004 WL 2419143, at *1 (Del. Super. Oct. 14, 2004).

To create third party beneficiary rights, a contract should confer an intended benefit on the third party, and the conferral of such benefit must be a material part of the contract's purpose. *See Global Energy Fin. LLC v. Peabody Energy Corp.*, 2010 WL 4056164, at * 25 (Del. Super. Oct. 14, 2010). Where a promisee intends "to secure a performance for the benefit of another, either as a gift or in satisfaction of an obligation to that person, and the promisee makes a contract to do so, then such a third person has the right to enforce the contract against the

4

promisor." *Delmar News*, 584 A.2d at 534 (citing *Restatement (Second) of Contracts* § 302 (1979)). "If the parties do not intend to benefit the third person, the third person has no rights under the contract even though he might otherwise be an incidental beneficiary of the contract." *Hostetter v. Hartford Ins. Co.*, 1992 WL 179423, at *6 (Del. Super. July 13, 1992).

Whether parties intended to create third party beneficiary rights turns on interpretation of the contract language. *See Willis*, 2004 WL 2419143, at *2. "The court must look to the language of the policy to determine the parties' intent." *Id.* A plaintiff attempting to establish third party beneficiary status should either plead that it is named or otherwise identified in the contract or plead facts which could reasonably lead to the inference that it was an intended beneficiary. *See Delmar News*, 584 A.2d at 534. On the other hand, express contractual language prohibiting any third party benefit could allow a court to conclude that the parties to the contract did not intend to confer any rights on a third party. *See O/E Sys.*, 179 F. Supp. 2d at 367.

GNY does not allege that the Devon is a named insured under Ms. Brooks' Travelers policy, nor does it allege that it is an assignee or a judgment creditor of Ms. Brooks' estate. Thus, the issue is whether GNY alleged enough facts to show standing as a third party beneficiary under the Travelers policy. GNY asserts that the Devon code of regulations required Ms. Brooks to obtain personal liability insurance, that Ms. Brooks' acceptance of the deed of conveyance to her individual unit constituted an agreement by her to obtain an insurance policy, and that she bought an insurance policy from Travelers. (Compl. ¶ 9, 16) It is reasonable to infer from these allegations that Ms. Brooks purchased the Travelers policy in order to comply with the Devon regulations and, at least in part, to benefit the Devon.

5

To determine whether the express language of the policy supports such an interpretation or, to the contrary, explicitly prohibits third party benefits, the Court needs to examine Ms. Brooks' insurance policy. *See Willis*, 2004 WL 2419143, at *2. However, neither Plaintiff nor Defendant provided a copy of the policy. (Compl. ¶ 10) Moreover, Travelers did not argue that any provisions of the policy prevent the interpretation offered by GNY. Thus, under the circumstances, the Court concludes that GNY has stated a claim on which relief may be granted. Discovery and further proceedings will be necessary to evaluate, under all the circumstances, whether Ms. Brooks and Travelers intended to create third party beneficiary rights in the Devon (and, therefore, now GNY).

Accepting all material allegations of the Complaint as true and viewing them in the light most favorable to Plaintiff, the Court concludes that GNY has stated a claim on which relief may be granted. Therefore, dismissal of the Complaint would be inappropriate.

## V. CONCLUSION

For the forgoing reasons, the Court will deny Defendant's motion to dismiss. An appropriate Order follows.